# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AMERICAN FAMILY MUTUAL INSURANCE )
COMPANY, as subrogee of Robert and Mandy )
Harris, et al., )
           )
                 **Plaintiffs,** )
           )    **CIVIL ACTION**
**v.** )
           )    **No. 12-2609-KHV**
TECHTRONIC INDUSTRIES NORTH )
AMERICA, INC., et al., )
           )
                 **Defendants.** )
_____ )

## MEMORANDUM AND ORDER

American Family Mutual Insurance Company, Robert Harris and Mandy Harris bring suit against Techtronic Industries North America, Inc., OWT Industries, Inc. and Techtronic Industries Factory Outlets, Inc., asserting product liability claims based on a fire which occurred on August 22, 2010. This matter comes before the Court on defendants' Motion For Order To File Exhibit P To Memorandum In Support Of Motion For Summary Judgment (Doc. 63) Under Seal (Doc. #68) filed October 28, 2013 and defendants' Motion For Order To File Under Seal Exhibit E To Defendants' Motion To Strike Or Disregard The Declaration Of Jennifer Chick, CPA, And Supporting Memorandum (Doc. #84) filed December 13, 2013. For reasons stated below, the Court overrules both motions.

## Legal Standards

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges

are honest. <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980); <u>Worford v. City</u> <u>of Topeka</u>, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. <u>Helm</u>, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. <u>Id.</u>; <u>United States</u> <u>v. Hickey</u>, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. <u>Helm</u>, 656 F.3d at 1292; <u>Dobbins</u>, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. <u>Helm</u>, 656 F.3d at 1292; <u>Mann</u>, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. <u>Worford</u>, 2004 WL 316073, at *1 (citing <u>Stapp v. Overnite Transp. Co.</u>, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

<u>**Analysis**</u>

Defendants seek leave to file under seal the 2010 income tax return of plaintiffs Robert and Mandy Harris (Doc. #HAR000666), <u>i.e.</u> Exhibit P to defendants' <u>Memorandum In Support Of</u> <u>Motion For Summary Judgment</u> (Doc. #63) filed October 25, 2013 and Exhibit E to <u>Defendants'</u> <u>Motion To Strike Or Disregard The Declaration Of Jennifer Chick, CPA, And Supporting</u> <u>Memorandum</u> (Doc. #83) filed December 13, 2013. In support of their motions, defendants state that the tax return contains personal financial and business-related financial information, and that plaintiffs produced the document as "confidential" and have not waived confidentiality of the document at any proceeding. <u>See</u> Doc. #68 ¶¶ 2-3; Doc. #84 ¶¶ 2-3. Defendants provide no explanation why disclosure of the information might be harmful to any party. On this record,

defendants have not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process. See Helm, 656 F.3d at 1292.

Also, defendants have not shown that redaction would not sufficiently protect any information which is legitimately confidential. Pursuant to the District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, a party may redact personal data as follows:

> To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
> 1. Social Security numbers: Use only the last four numbers;
> 2. Minors' names: Use the minors' initials;
> 3. Dates of birth: Use only the year; and
> 4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.
>
> In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).

District of Kansas Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I.

**IT IS THEREFORE ORDERED** that defendants' Motion For Order To File Exhibit P To Memorandum In Support Of Motion For Summary Judgment (Doc. 63) Under Seal (Doc. #68) filed October 28, 2013 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendants' Motion For Order To File Under Seal Exhibit E To Defendants' Motion To Strike Or Disregard The Declaration Of Jennifer Chick, CPA, And Supporting Memorandum (Doc. #84) filed December 13, 2013 be and hereby is **OVERRULED.**

-3-

**IT IS FURTHER ORDERED** that on or before **March 25, 2014**, defendant may file an unsealed Exhibit P to defendants' <u>Memorandum In Support Of Motion For Summary Judgment</u> (Doc. #63) filed October 25, 2013 and an unsealed Exhibit E to <u>Defendants' Motion To Strike Or Disregard The Declaration Of Jennifer Chick, CPA, And Supporting Memorandum</u> (Doc. #83) filed December 13, 2013.

Dated this 20th day of March, 2014 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge