# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, as subrogee of Robert and Mandy Harris, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION ) ) No. 12-2609-KHV |
| TECHTRONIC INDUSTRIES NORTH AMERICA, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

American Family Mutual Insurance Company, Robert Harris and Mandy Harris bring suit against Techtronic Industries North America, Inc., OWT Industries, Inc. and Techtronic Industries Factory Outlets, Inc., asserting that a defective gasoline-powered pressure washer caused a fire on August 22, 2010. The case is set for trial on June 16, 2014. This matter comes before the Court on the Motion Of The Harris Plaintiffs For Leave To Identify Jennifer Chick, C.P.A., As A Rebuttal Witness (Doc. #89) filed January 7, 2014.

Plaintiffs seek leave of court to designate Jennifer Chick, C.P.A., their current accountant, as a rebuttal witness in this case. Based on arguments raised in defendants' Motion For Summary Judgment (Doc. #62) filed October 25, 2013, plaintiffs anticipate that at trial, defendants will try to impeach their damage claims with evidence regarding the Harrises' tax return for 2010. In the summary judgment motion, defendants argued that the losses which the Harrisses declared in their 2010 tax return demonstrate the fair market value of their real and personal property before the fire. See Defendants' Memorandum In Support Of Motion For Summary Judgment (Doc.#63) filed October 25, 2013 at 30. In the 2010 tax return, the Harrises declared that before the fire the value

of the home was $275,000 and that after the fire it was $45,000. The Harrises also declared that before the fire the value of contents in the home was $22,000.

In her declaration, Chick states as follows: The 2010 tax return understates the economic losses which the Harrisses suffered from the fire. Declaration of Jennifer R. Chick, CPA, Exhibit 10 to Plaintiffs' Memorandum In Opposition To Defendants' Motion For Summary Judgment (Doc. #77) filed November 22, 2013 ¶ 10. On previous tax returns, the Harrises had deducted depreciation on their home for a home business office. Id. ¶ 9. Accordingly, only the depreciated value of the home could be reflected on the tax return. Id. The depreciated value does not constitute the fair market value of the home. Id. The Harrises' previous accountant did not include all of their property losses on the 2010 tax return. Id. ¶ 11. This decision reflects a common practice in tax accounting. Id. When a taxpayer will obviously have no tax liability, an accountant will not continue to search for and support further deductions, particularly when the losses cannot be carried forward to reduce tax liability in future years. Id. For 2010, it was clear that the Harrises would owe no federal or state income taxes. Id. Accordingly, it would have been a waste of time and accounting fees for the prior accountant to spend time calculating and verifying the absolute maximum deduction that the Harrises would be entitled to claim. Id.

Defendants object on grounds that (1) plaintiffs did not timely identify Chick as a witness or expert witness; (2) Chick's purported testimony is not rebuttal evidence; (3) plaintiffs offer no substantial justification for the late disclosure; and (4) to allow the disclosure would substantially prejudice defendants. As set forth below, the Court finds that the late disclosure of Chick's testimony is substantially justified. Plaintiffs seek to offer the testimony solely to rebut defendants' efforts to impeach plaintiffs' damages claims. The record suggests that plaintiffs did not know of

the need for such testimony until defendants filed their motion for summary judgment in October of 2013. Moreover, defendants have known about Chick's testimony since November of 2013 and are not unfairly prejudiced or surprised by the disclosure.

Under Rule 37(c)(1), Fed. R. Civ. P., if a party fails to disclose a witness as required by Rule 26(a) or (e), Fed. R. Civ. P., the party may not use the witness at trial unless the failure was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1).[1] In deciding whether the failure was substantially justified or harmless, the Court considers the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

As to the first factor, i.e. prejudice or surprise to defendants, the Court notes that plaintiffs seek to offer Chick's testimony solely in response to defendants' efforts to show that plaintiffs' damages should be limited to the losses which they declared in their 2010 tax return. To the extent

---

[1] Rule 37(c)(1) states as follows:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
    (B) may inform the jury of the party's failure; and
    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

that defendants plan to pursue this angle at trial, it is not unfair to allow plaintiffs to submit evidence which explains, from a tax standpoint, why their damage claims may be different from the losses declared on the tax return. Additionally, defendants have known about the content of Chick's testimony since November of 2013, when plaintiffs attached her declaration in response to defendants' motion for summary judgment. Under the circumstances, defendants have had sufficient time to prepare for such testimony. Accordingly, defendants are not unfairly prejudiced or surprised by the disclosure.

As to the second factor, i.e. defendants' ability to cure any prejudice, as set forth below, the Court will allow defendants an opportunity to depose Chick and identify their own tax expert to rebut her testimony, if desired.

As to the third factor, i.e. the extent to which introducing the testimony would disrupt the trial, the Court finds that allowing plaintiffs to introduce Chick's testimony would not disrupt trial. The Court notes that it has made no findings as to whether the 2010 tax return will be admissible at trial. Moreover, it is not clear whether defendants intend to pursue the evidence at trial. If evidence regarding the 2010 tax return is not admitted, plaintiffs need not present Chick's testimony.

As to the fourth factor, i.e. the moving party's bad faith or willfulness, the Court finds no evidence of bad faith or willfulness by plaintiffs.

On this record, the Court concludes that plaintiffs' disclosure of Chick as a rebuttal witness is substantially justified. Accordingly, the Court will sustain plaintiffs' motion. If defendants wish to depose Chick, they may do so by **May 22, 2014**. On or before **May 29, 2014**, defendants may disclose an expert to rebut Chick's testimony. On or before **June 5, 2014**, plaintiffs may depose any rebuttal expert disclosed by defendant.

**IT IS THEREFORE ORDERED** that the Motion Of The Harris Plaintiffs For Leave To Identify Jennifer Chick, C.P.A., As A Rebuttal Witness (Doc. #89) filed January 7, 2014 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the Court sets the following deadlines: On or before **May 22, 2014**, defendants may depose Jennifer Chick, C.P.A. On or before **May 29, 2014**, defendants may disclose an expert to rebut Chick's testimony. On or before **June 5, 2014**, plaintiffs may depose any rebuttal expert disclosed by defendant.

Dated this 15th day of May, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
