# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, as subrogee of Robert and Mandy Harris, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) No. 12-2609-KHV |
| TECHTRONIC INDUSTRIES NORTH AMERICA, INC., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

American Family Mutual Insurance Company, Robert Harris and Mandy Harris bring suit against Techtronic Industries North America, Inc., OWT Industries, Inc. and Techtronic Industries Factory Outlets, Inc., asserting that a defective gasoline-powered pressure washer caused a fire on August 22, 2010. Specifically, under the Kansas Product Liability Act ("KPLA"), K.S.A. § 60-3301 et seq., plaintiffs claim that at the time defendants manufactured, distributed and sold a Power Stroke Pressure Washer, it was unreasonably dangerous due to inadequate warnings.[1] The case is set for trial on June 16, 2014. This matter comes before the Court on Plaintiffs' Motion To Exclude The Testimony Of Dr. Nathan Dorris And Memorandum In Support Thereof ("Plaintiffs' Motion") (Doc. #61) and Defendants' Motion To Strike Plaintiffs' Expert Michael Wogalter, Ph.D. (Doc. #65), both filed October 25, 2013. For reasons stated below, the Court sustains both motions.

---

[1] Plaintiffs also claim that the product was unreasonably dangerous due to design and/or manufacturing defects but the Court has entered partial summary judgment in favor of defendants on those claims. See Memorandum And Order (Doc. #108) filed May 16, 2014.

## **Legal Standards**

Federal Rule of Evidence 702 provides as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>    (b) the testimony is based on sufficient facts or data;
>
>    (c) the testimony is the product of reliable principles and methods; and
>
>    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Fed. R. Evid. 702, the Court has a gate-keeping obligation to determine the admissibility of all expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993)). Expert testimony is admissible only if it is both relevant and reliable. Id. The touchstone of the Court's inquiry is whether the testimony helps the factfinder understand evidence or determine a fact in issue. BioCore, Inc. v. Khosrowshahi, 183 F.R.D. 695, 699 (D. Kan. 1998). Courts have broad discretion in deciding whether to admit expert testimony, but should resolve doubts in favor of admissibility. Id.; Kieffer v. Weston Land, Inc., 90 F.3d 1496, 1499 (10th Cir. 1996); see Fed. R. Evid. 702 advisory committee's note; Daubert, 509 U.S. at 588-89.

The Court must determine at the outset whether an expert will testify to scientific, technical or other specialized knowledge that will help the trier of fact understand or determine a fact in issue. Daubert, 509 U.S. at 592-93; see Fed. R. Evid. 104(a), 702. This requires a preliminary assessment whether the reasoning or methodology underlying the testimony is valid and whether the expert can

properly apply it to the facts in issue. Daubert, 509 U.S. at 592-93; see Fed. R. Evid. 104(a), 702. The purpose of this inquiry is always "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. It is therefore important that the expert's opinion be testable, i.e. capable of being challenged in some objective sense, and not just a subjective opinion that cannot reasonably be assessed for reliability. Fed. R. Evid. 702 advisory committee's note; see Kumho Tire, 526 U.S. at 149-53; Daubert, 509 U.S. at 590.

An expert may offer an opinion even if it "embraces an ultimate issue to be determined by the trier of fact." Fed. R. Evid. 704. But an expert may not simply tell the jury what result it should reach. United States v. Simpson, 7 F.3d 186, 188 (10th Cir. 1993). An expert witness's personal belief as to the weight of evidence would invade the province of the jury. Lawrence v. Raymond Corp., No. 3:09 CV 1067, 2011 WL 3418324, at *4 (N.D. Ohio Aug. 4, 2011); Oxford Gene Tech. Ltd. v. Mergen Ltd., 345 F. Supp.2d 431, 435 (D. Del. 2004). Expert opinions that address matters which are equally within the competence of the factfinder to understand and decide are not helpful to the factfinder and therefore inadmissible. McGowan v. Cooper Indus., Inc., 863 F.2d 1266, 1273 (6th Cir. 1988) (citing Fed. R. Evid. 701, 702); see Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994).

The Court's gate-keeping function is not meant to supplant "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof . . . [as] the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596 (citation omitted). The proponents of expert testimony bear the burden of establishing

admissibility under Rule 702. Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 n.4 (10th Cir. 2001).

**Analysis**

As noted, plaintiffs claim that the Power Stroke was unreasonably dangerous due to inadequate warnings. Both plaintiffs and defendants have retained battling "human factors" experts to testify regarding whether the Power Stroke warning systems were adequate.[2] Each side seeks to exclude the other's expert in this regard.

**I.     Michael Wogalter, Ph.D.**

Plaintiffs have retained Michael Wogalter, Ph.D., to testify that the warning systems associated with the Power Stroke are defective. See Wogalter Report, Exhibit A to Memorandum In Support Of Defendants' Motion To Strike Plaintiffs' Expert Michael Wogalter, Ph. D. ("Defendants' Memorandum") (Doc. #66) filed October 25, 2013. Specifically, Wogalter opines that (1) the format of the on-product warnings is inadequate due to the placement and relatively small size of the text; and (2) the operator manual is inadequate because it does not describe the connection between fire and explosion hazards and the shutdown and storage procedure. Id. at 12. Defendants urge the Court to exclude Wogalter's opinions because they are unreliable and would

---

[2] Human factors analysis, also known as ergonomics, involves the study of the interrelationship between human behavior or capabilities and the surrounding environment. See Snoznik v. Jeld-Wen, Inc., Case No. 1:09cv42, 2010 WL 1924483, at *19 (W.D.N.C. May 12, 2010) (quoting Douglas R. Richmond, Human Factors in Personal Injury Litigation, 46 Ark. L. Rev. 333, 335 (1993)). Human factors experts generally study or evaluate factors such as (1) the effects of fatigue, drug, alcohol or other physical principles on humans; (b) human necessities that manifest reactions to stimuli; (c) events that result from product warnings; (d) purposes for which hazardous warnings are needed; (e) potential reactions caused by machinery control functions; and (f) expected behavioral responses caused by the existence or lack of devices. Id. (citation omitted).

not aid the jury.[3] Defendants' Memorandum (Doc. #66) at 2. Specifically, defendants assert that Wogalter's opinions are unreliable because he has not seen the Power Stroke machine, he did not read the entire operator manual and he did not conduct scientific experiments or analysis regarding the Power Stroke warning system. Id. at 9-10. Defendants also assert that Wogalter's opinions are unnecessary because they fall within the normal comprehension and understanding of the average juror. Id. at 5.

Under Kansas law, whether a warning is adequate depends upon whether it is reasonable under the circumstances. See Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 975 (10th Cir. 2001). To be adequate, a warning must be comprehensible to the average user and convey to the mind of a user a fair indication of the nature and extent of the danger. Wheeler v. John Deere Co., 862 F. 2d 1404, 1413 (10th Cir. 1988). The determination whether a warning is adequate is a question of fact. See Graham v. Wyeth Labs., Div. of Am. Home Prod. Corp., 666 F. Supp. 1483, 1499 (D. Kan. 1987).

Upon careful review, the Court finds that Wollack's proposed testimony will not aid the jury in determining the facts and understanding the evidence in this case. The Power Stroke operator manual and on-product warnings were written for average consumers, i.e. individuals similar to those who will sit on the jury. See, e.g., Wilson v. Thompson/Ctr. Arms Co., No. 05-6493, 2007 WL 4727640, at *1 (E.D. La. Nov. 1, 2007). Thus, the jurors will be fully capable to assess plaintiffs' claims that the on-product warnings and operator manual do not adequately convey a fair indication of the nature and extent of the danger, i.e. that storing a hot pressure washer can ignite nearby combustible materials. See id. Because the issues are within the realm of common understanding

---

[3] Defendants do not challenge Wogalter's qualifications to testify as a human factors expert.

and knowledge of the average juror, the Court will exclude Wogalter's proposed expert testimony.[4] See, e.g., Snoznik, 2010 WL 1924483, at *19 (to be admissible human factors expert testimony must provide more than common sense observations to jury); Calvit v. Procter & Gamble Mfg. Co., 207 F. Supp.2d 527, 529 (M.D. La. 2002) (excluding human factors expert testimony regarding adequacy of warning); see also Simon v. Simon, 260 Kan. 731, 740, 924 P.2d 1255, 1262 (Kan. 1996) (human factors expert testimony which simply evaluates commonplace situations and occurrences within comprehension and understanding of average juror not admissible).

## II. Dr. Nathan Dorris

Defendants have retained Dr. Nathan Dorris to testify that the warning systems associated with the Power Stroke are reasonable and adequate. See Dorris Report, Exhibit A to Plaintiffs' Motion (Doc. #61). Specifically, Dorris opines that (1) the Power Stroke warnings are reasonable and appropriate; and (2) the fire hazard posed by the Power Stroke is obvious based on common life experience. Id. at 4-8. Plaintiffs urge the Court to exclude Dorris's testimony because (1) his opinion regarding reasonableness constitutes a legal conclusion; (2) his opinion regarding the obvious nature of the hazard will not assist the trier of fact.[5] Plaintiffs' Motion (Doc. #61) at 3-8.

---

[4] In light of this finding, the Court does not address whether Wogalter's opinions are reliable.

[5] Plaintiffs do not challenge Dorris's qualifications to testify as a human factors expert.

According to plaintiffs, Dorris opines that different warnings would not have changed the behavior of Harris and such opinion is unreliable. See Plaintiffs' Motion (Doc. #61) at 2, 7-8. Defendants respond that plaintiffs have misread the Dorris report and that Dorris proposes only to testify as to the principles of human factors science as they apply to Harris's testimony. See Memorandum In Opposition To Plaintiffs' Motion To Exclude Testimony Of Dr. Nathan Dorris (Doc. #70) filed November 8, 2013 at 14-15. In their reply, plaintiffs do not address defendants' response to this argument. See Plaintiffs' Reply Brief In Support Of Their Motion To Exclude The Testimony Of Dr. Nathan Dorris (Doc. #78) November 26, 2013. The Court need not address the
(continued...)

Similar to Wogalter's opinions, the Court finds that Dorris' opinions will not aid the jury in determining the facts and understanding the evidence in this case. As discussed, the Power Stroke operator manual and on-product warnings were written for consumers similar to individuals who will sit on the jury. Thus, the jurors will be fully capable to assess whether the Power Stroke warnings are adequate, i.e. whether they reasonably convey to the average user a fair indication of the nature and extent of the danger. Because the fact issues are within the realm of common understanding and knowledge of the average juror, the Court will exclude Dorris' testimony.[6] See, e.g., Snoznik, 2010 WL 1924483, at *19; Wilson, 2007 WL 4727640, at *1; Calvit, 207 F. Supp.2d at 529; see also Simon, 260 Kan. at 740, 924 P.2d at 1262.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Exclude The Testimony Of Dr. Nathan Dorris And Memorandum In Support Thereof (Doc. #61) filed October 25, 2013 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' Motion To Strike Plaintiffs' Expert Michael Wogalter, Ph.D. (Doc. #65) filed October 25, 2013 be and hereby is **SUSTAINED**.

Dated this 27th day of May, 2014 at Kansas City, Kansas.

                                           s/ Kathryn H. Vratil
                                           Kathryn H. Vratil
                                           United States District Judge

---

[5](...continued)
argument because it decides that Dorris' proposed testimony will not aid the jury.

[6] In light of this finding, the Court does not address whether Wogalter's opinions are reliable.