IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, As subrogee of Robert and Mandy Harris, and ROBERT and MANDY HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and OWT INDUSTRIES, INC., and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.,<br><br>Defendants. | Case No. **12-2609-KHV-DJW** |

## MEMORANDUM IN SUPPORT OF AMENDED MOTION FOR LEAVE TO FILE AMENDED BILL OF COSTS

COME NOW Defendants, by counsel and pursuant to Local Rules 54.1 and 7.6 and submit this Memorandum in Support of its Motion for Leave to File their Amended Bill of Costs:

**I.  Statement of the nature of the matter before the Court and concise statement of the facts.**

Following the jury verdict in defendants' favor, the Court entered judgment for defendants on June 19, 2014. *Document 145.* The Court awarded Defendants their costs of the action. *Id. at p.2.* Plaintiffs filed their Motion for New Trial on July 9, 2014. *Document 146.* That Motion is pending and the judgment is not yet final for purposes of appeal. Therefore, the time for Defendants to submit a Bill of Costs has not expired. However, on July 29, 2014, Defendants submitted a bill of costs and supporting documentation required by Local Rule 54.1. *Documents 149 and 149-1.* It is respectfully suggested the documents submitted with the bill of costs substantially comply with the memorandum requirement of Local Rule 54.1(a)(2), with the

1

only exception being counsel did not confer with plaintiffs' counsel about resolving disputes about the costs bill.

After the expiration of the 14 day deadline to respond to the bill of costs had expired, Plaintiffs' counsel requested, and defendants' counsel agreed that additional time could be had to file the response to the Bill of Costs. *Document 150, filed August 15, 2014.*

Plaintiffs filed their objection to the bill of costs. *Document 151.* Plaintiffs' objection is that defendants did not file a supporting memorandum, did not explain why, as prevailing parties they are entitled to their costs, that the (out of state) court reporter charges for mini-scripts and postage are not allowable costs, and that mediator fees are not allowable costs. *Id.*

Defendants' counsel then contacted Plaintiffs Harris' counsel. Defense counsel explained that the time for filing an amended cost bill had not yet expired due to the pending post trial motion, it was also explained Defendants would withdraw the request for mediator expenses and deduct the foreign court reporters' charges for mini-scripts and postage to satisfy plaintiffs' objections and disputes to the bill of costs. The Harris plaintiffs' counsel listened but refused to discuss the Plaintiffs' objection or whether Defendants' modification to the Bill of Costs would satisfy the Plaintiffs' concerns. Plaintiff American Family's local counsel was also contacted but deferred to their national counsel, who at the time of filing has not responded to Defense Counsel's phone calls and voice mail. Thus, a reasonable effort to confer with Plaintiffs' counsel to resolve the Harris Plaintiffs' objection has now been made pursuant to Local Rule 54.1(a)(1)(D).

The Amended Bill of Costs submitted herewith sets forth Defendants' costs specifically allowed by 28 U.S.C. Section 1920. The Defendants' filing fee for removal of this action from state court is explicitly allowed by the statute. Defendants also submit the expenses for

2

depositions necessarily obtained for use in this case. The depositions were necessarily obtained and used in motion practice (summary judgment, *Daubert,* and *limine* motions), were designated by the parties to be used at trial, or were used for cross-examination purposes at trial.

## II. Statement of the question presented.

Whether the Court should award Defendant's Amended Bill of Costs?

*Defendants respectfully suggest the Court should award the Defendants their Amended Bill of Costs as prevailing party at trial.*

## III. Argument and Authorities relied upon.

Local Rule 54.1 sets forth this Court's procedure for the taxation of costs and provides in pertinent part:

> (a) Procedure for Taxation.
>
> (1) Form and Deadline. The party entitled to recover costs must file a bill of costs on a form provided by the clerk (available at the clerk's office or on the court's web site under the Forms section) within 30 days after:
>
> (A) the expiration of time allowed for appeal of a final judgment or decree; or
>
> (B) receipt by the clerk of an order terminating the action on appeal.

Therefore, because the plaintiffs' motion for new trial is pending, the time for plaintiff to file an appeal, if any, has not expired. Therefore the time for submitting a Bill of Costs has not expired.

Defendants have been awarded judgment for their court costs of the action. (Doc. 145) The Federal costs statute 28 U.S.C.A. § 1920 provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;....

Defendants' Amended Bill of Costs includes only the fee to the Clerk for removal of this action from state court and fees for depositions obtained for use in the case. *See Exhibit A to the Motion for Leave to File Amended Bill of Costs*. Those depositions were of the Plaintiffs (Robert Harris, Mandy Harris, and American Family's Mark Gray), Plaintiffs' retained experts (Daniel Anderson, James Martin, Michael Wolgalter and Jennifer Chick), Defendants' retained expert (Nathan Dorris), and Defendants' former and current employees in South Carolina (Marcus Greene, Arthur Grubbs, James Holder and Mark Martin).[1] Each of the deposition transcripts were necessarily obtained for use in the case.

The Harris' depositions and their experts' depositions were used extensively at all stages in the case but particularly in Defendants' partially successful Motion for Summary Judgment (*Documents 62 and 63*). The transcripts for Defendants' employees in South Carolina were used in summary judgment as well. Costs for depositions used in summary judgment motions are allowed as court costs. *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1080 (D.Kan. 2005). Likewise, all of the expert deposition transcripts were necessary for the preparation of the Defendants' (and plaintiffs') *Daubert* motions. Plaintiffs and Defendant designated deposition testimony for potential reading at trial. As the Court will recall, Defendants used the plaintiffs' depositions transcripts and the transcript of plaintiffs' expert Jennifer Chick extensively in cross examination at trial. However even if the witnesses appeared live at trial, and no deposition designations were in fact used, there was still the need for their deposition transcripts and the

---

[1] Defendants had to depose plaintiffs' expert Wolgalter in New York. The New York court reporter charged for an ASCII copy of the transcript and shipping fees in the amount $315.50 in addition to the transcript and exhibit fees. After plaintiffs' objection, Defendants do not request this amount to be included in costs. Likewise the reporter in South Carolina charged $12.00 for shipping the Greene, Grubbs, Holder and Martin transcripts. Defendants have omitted that amount from the Amended Bill of Costs.

Court should overrule any objection to their inclusion as costs. *See Cohen-Esrey Real Estate Services, Inc. v. Twin City Fire Ins. Co.*, 2011 WL 3608671, 1 -2 (D.Kan. 2011)("Absent extraordinary circumstances, the costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party.")

The only two categories of costs claimed in Defendants' Amended Bill of Costs are their filing fee and deposition transcript fees. Both categories are explicitly awardable court costs under 28 U.S.C.A. § 1920 and allowed specifically by the case law from this Court. The Amended Bill of Costs includes the relevant invoices and receipts showing payment. The elements required by Local Rule 54.1 have been satisfied with the respect to the Amended Bill of Costs. The Court should award Defendants their costs listed in the Amended Bill of Costs.

Respectfully submitted,

**CORONADO KATZ LLC**

/s/ Christopher L. Heigele

| Mark D. Katz | Kan. Bar # 12745 |
| Christopher L. Heigele | Kan. Bar # 18036 |

14 West Third Street, Suite 200
Kansas City, MO 64105
Telephone: (816) 410-6600
Facsimile: (816) 337-3892
mark@coronadokatz.com
chris@coronadokatz.com

ATTORNEYS FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was filed electronically with the Court on September 12, 2014, causing a service copy to be served electronically to the following:

Frank W. Lipsman
Hubbard, Ruzicka, Kreamer & Kincaid, L.C.
130 N. Cherry, P.O. Box 550
Olathe, KS 66051
Phone: (913) 782-2350
Fax: (913) 782-2012
Email Address: flipsman@hrkklaw.com
Attorney For: American Family Mutual Insurance Co.

Floyd R. Finch, Jr.
Floyd Finch Law Offices
24211 E. Strode Road
Blue Springs, MO 64015
Phone: (816) 560-1234
Email Address: ffinch@kcbusinesstriallawyers.com
Attorney For: Robert Harris and Mandy Harris

Lori Jones Blangger
Williams & Associates, P.C.
500 Cummings Center, Suite 4500
Beverly, MA 01915
Phone: (513) 721-0827
Fax: (978) 232-9222
Email Address: lblangger@williamsassociatespc.com
Attorney For: American Family Mutual Insurance Co.

/s/ Christopher L. Heigele
Attorneys for Defendants